## J. M. RADFORD GROCERY CO. v. FERGUSON.

### No. 2535.

Court of Civil Appeals of Texas. El Paso.
May 7, 1931.

Rehearing Denied June 4, 1931.

W. E. Lessing, of Abilene, for appellant.

L. A. Dale and Rutledge Isaacks, both of Pecos, for appellee.

PELPHREY, C. J.

This is an appeal from the judgment of the district court of Reeves county, overruling appellant's plea of privilege to be sued in Taylor county, Tex. The petition shows that appellee, M. M. Ferguson, was appointed trustee of the bankrupt estates of Bertha Palmer Hayes, and Ulis Franklin King, individually and as copartners, doing business under the firm name of Palmer & King; that the petition for bankruptcy was filed in the United States District Court for the Western District of Texas, Pecos Division, on the 15th day of August, 1928; that on or about said date the petitioners were adjudged bankrupts and appellee was appointed trustee on or about September 1, 1928; that at the time of the filing of the petitions and at all times during the four months preceding the filing thereof, the bankrupts were each insolvent; that on or about the 5th day of June, 1928, appellant filed suit in the district court of Taylor county, Tex., on a pre-existing debt against the bankrupts for approximately $1,550, caused a writ of attachment to issue and be levied on certain property of the bankrupts of the alleged value of $1,500; that thereafter, on or about July 30, 1928, the bankrupts suffered judgment to be taken against them in said suit, suffered the attachment lien to be foreclosed by appellants; that the property was thereafter sold and the money arising therefrom paid over to appellant, who appropriated the same, thereby enabling it to acquire an advantage over other creditors of the bankrupts and gave them a greater percentage of its claim than other creditors of the same class and thereby diminished the estate of the bankrupts in the sum of $1,500; that appellant knew at the time of filing suit and at all times thereafter that the bankrupts were insolvent, and that it knew or should have known that it was receiving a preference and that a preference would be effected by its suit, attachment, and judgment; and that appellant has refused to pay over to appellee, as trustee of said bankrupts, the value of the property so sold.

In due time appellant filed its plea of privilege to be sued in Taylor county, which plea was controverted by appellee. Thereafter and before hearing, appellant filed its amended special plea of privilege which in addition to the allegations that it was not a resident of Reeves county, especially alleged as fol-

lows: "This defendant would specially show that the venue of this cause is not and cannot be in the District Court of Reeves County, Texas, where the same is pending, because the plaintiff's petition shows on its face to be an action to stay and set aside the proceedings of the District Court of Taylor County, Texas, had in a cause filed therein on the 5th day of June, 1928, wherein this defendant was plaintiff, the assignors in bankruptcy of the plaintiff herein were defendants, said petition in this cause further showing that said suit in the District Court of Taylor County, Texas, proceeded to final judgment on the 30th day of July, 1928. That by virtue of Article 1995, Section 17, Revised Statutes 1925, such suit must be brought in the Court in which such proceedings are pending and such judgment was rendered, which court this defendant alleges, and which is shown by the pleadings of the plaintiff herein, is the District Court of the 42nd Judicial District in and for Taylor County, Texas."

Appellee filed his controverting plea of appellant's amended plea of privilege, upon hearing, the plea of privilege was overruled, and this appeal was perfected.

### Opinion.

Appellant's contention upon which it seeks a reversal is that the action by appellee is essentially to set aside the judgment of the district court of Taylor county and must therefore be brought in that court.

Appellee, on the other hand, contends that the suit brought by him is to recover from appellant the amount held by it under a voidable preference, and that it being a Texas corporation, suit could be brought against it in any county where it had a place of business and an agent.

This suit was brought under the following provisions of the United States Bankruptcy Act: Section 96, title 11, USCA, reads:

"(a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.

"(b) If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

It thus appears that appellee here is merely seeking to recover from appellant the value of property which it had, within four months before the filing of the petitions in bankruptcy, come into possession of by virtue of a judgment and sale in the district court of Taylor county.

We cannot agree with appellant that the action is either to stay the proceedings in that court or to set aside its judgment.

The action here brought seems to be the remedy provided by the federal statutes under which appellee was named, and we can see no reason why the same rules would not govern the venue as in other personal actions.

It has been agreed by the parties that appellant is a Texas corporation, with its domicile and principal place of business in the city of Abilene, Taylor county, Tex., and that it maintains a branch and an agent in charge at Pecos, Reeves county, Tex., where this suit is pending.

Under subdivision 23 of article 1995, Revised Statutes, the venue would properly lie in Reeves county, and we are of the opinion that this action is properly brought in that county.

The judgment of the trial court is accordingly affirmed.